Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, Arizona 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| TROY ANTHONY FRAZIER, | ) | CASE NO. 10-07726-PHX-CGC |
| DENISE CARTER FRAZIER, | ) | |
| | ) | TRUSTEE'S EVALUATION AND |
| | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| | ) | |
| | ) | RE: CHAPTER 13 PLAN |
| (Debtor(s) | ) | |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a.  Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b.  Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c.  The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d.  The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e.  The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

f.  At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

g. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

**Specific Recommendations:**

1. Navy Federal Credit Union has filed an objection to the Plan. The Trustee requires the objections be resolved prior to confirmation of the Plan.

2. Plan fails to provide a specific day of the month by which the first and subsequent payments are to be paid into the Plan. The Trustee has established a constructive payment due date of the 21st day of the month with the first interim payment to be paid on or before April 21, 2010.

3. The Proofs of Claim filed by Franklin Capital (2004 Hyundai) and the Arizona Department of Revenue differ substantially by classification and/or amount from these creditors' treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim <u>including payment of the contract rate of interest</u>; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

4. Arizona Department of Revenue's Proof of Claim dated March 25, 2010 indicates Debtor has not filed income tax returns for 2009. The Trustee has received a copy of this return from the debtors. It is the debtors' responsibility to follow-up with the taxing authority to see that the claim is withdrawn.

5. The Trustee requires the debtor file an amended Schedule J to remove the reference to both vehicles that are being paid through the Plan. Plan payments to increase accordingly.

6. Considering items #1, #3 and #4 above, The Trustee's analysis reveals a $24,407 funding shortfall, which must be cured before the Plan can be confirmed.

In summary, Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will not be met given debtors' scheduled $9,447 equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #3, #5, #6 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated:  [see electronic signature]


_____
Edward J. Maney, Trustee


Copies of the forgoing
mailed on [see electronic signature],
to the following:


Troy Frazier
Denise Frazier
38981 N. Luke Lane
Queek Creek, AZ 85242
Debtor


William R. Richardson, Esq.
1745 S. Alma School Road
Suite #100
Mesa, Arizona 85242
Debtor's counsel


By:_____
Trustee's Clerk